**Bhadur SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71576.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

John Dimsey, Esq., Deputy Section Chief, Oil, Jason Brett Torchinsky, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, foe Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Bhadur Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief un-

** This disposition is not appropriate for publication and is not precedent except as provid-

der the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the IJ identified particular instances in the record when Singh was unresponsive to questions regarding whether he knew that the Khalistan Commando Force advocated the use of violence. *See Singh v. Ashcroft,* 301 F.3d 1109, 1114 (9th Cir.2002). Substantial evidence also supports the IJ's finding that Singh's asylum application and his testimony were inconsistent regarding whether students or militants were sheltered at the family farm, and this was a significant discrepancy. *See Chebchoub,* 257 F.3d at 1043; *see also Kaur v. Ashcroft,* 418 F.3d 1061, 1067 (9th Cir.2005) (inconsistencies that are accompanied by other indications of dishonesty may support an adverse credibility determination). Accordingly, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, as Singh's claim for CAT relief is based on the same evidence the IJ deemed not credible, and he points to no additional evidence that the IJ should have considered regarding the likelihood of torture if he is removed to India, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**