**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BHADUR SINGH, | No. 10-71355 |
| Petitioner, | Agency No. A078-659-981 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012**

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Bhadur Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen. We have

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's untimely motion to reopen where the motion was filed over five and a half years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed circumstances in India to qualify for the regulatory exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi,* 597 F.3d at 987-90.

Additionally, we decline to consider Singh's challenge to the immigration judge's adverse credibility finding because this court already decided the issue in *Singh v. Mukasey,* 305 Fed. Appx. 404 (9th Cir. 2008). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 2001) (explaining that under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

In light of these conclusions, we need not address Singh's remaining contentions.

**PETITION FOR REVIEW DENIED.**